## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>YANIRE LABRADOR ORTIZ<br><br>        Debtor. | CASE NO. 22-01758- MAG13<br><br>Chapter 13<br><br>FILED & ENTERED ON 9/12/2022 |

## ORDER

Before the court are the following matters: (1) Yanire Labrador Ortiz' ("Debtor") motion for a partial lift of the automatic stay (Dkt. 5); (2) Debtor's addendum (Dkt. 23) to her motion for a partial lift of stay; (3) opposition to the motion for a partial lift of stay and request for conversion to chapter 7 (Dkt. 31) filed by Noreen Wiscovitch (the "Chapter 7 Trustee"), the appointed Chapter 7 Trustee in the case of Angel Negrón Rodríguez (the "Chapter 7 Debtor"); (4) the Chapter 7 Trustee's motion to strike addendum (Dkt. 32); (5) Debtor's opposition to motion to strike (Dkt. 43); (6) Debtor's opposition to motion to convert to chapter 7 (Dkt. 44); (7) Debtor's motion to hold in abeyance the Chapter 7 Trustee's objection to confirmation and request for conversion of the case to chapter 7 (Dkt. 45); (8) the Chapter 7 Trustee's motion for entry of order denying the motion for a partial lift of the automatic stay and granting conversion to chapter 7 (Dkt. 46); and (9) Debtor's motion for extension of time to oppose the Chapter 7 Trustee's motion for entry of order denying the motion for a partial lift of the automatic stay and granting conversion to chapter 7 (Dkt. 47). Upon consideration of the foregoing and for the reasons stated below, the court hereby denies Debtor's motion for partial lift of the automatic stay (Dkt. 5) and denies the Chapter 7 Trustee's motion to convert the case to chapter 7 (Dkt. 31). The court also denies as moot the

Chapter 7 Trustee's motion to strike (Dkt. 32), Debtor's motion to hold in abeyance (Dkt. 45), Chapter 7 Trustee's motion for entry of order (Dkt. 46), and Debtor's motion for extension of time (Dkt. 47).

On June 20, 2022, Debtor filed the instant Chapter 13 petition. On March 16, 2022, prior to the filing of Debtor's petition, Debtor's ex-husband, the Chapter 7 Debtor, filed a chapter 7 bankruptcy petition with this court, case no. 22-00716 (the "Chapter 7 Case"). Debtor and the Chapter 7 Debtor divorced on September 21, 2012 and never liquidated their former conjugal property. As such, the property they owned while married constitutes post-marital community property.

On June 20, 2022, Debtor filed a motion for a partial lift of the automatic stay (Dkt. 5) requesting this court to allow the Bayamón Superior Court to adjudicate Debtor's and the Chapter 7 Debtor's equity interests and liabilities on their post-marital community property. Debtor raised the fact that the Chapter 7 Trustee filed adversary proceeding no. 22-00038 to sell a property located in Urb. Jardines de Caparra in Bayamón (the "Property") that is post-marital community property. Debtor alleges that she has various credits against the Chapter 7 Debtor that should be considered in the sale of such Property and that her interest is more than 50%. On July 15, 2022, Debtor filed an addendum (Dkt. 23) to her motion submitting to the court an email sent by the Chapter 7 Trustee regarding Debtor's interest in the Property.

The Chapter 7 Trustee opposed the motion (Dkt. 31) stating that Section 362(b) of the Bankruptcy Code does not create an exception to the automatic stay for the continuance in state court of proceedings for the division of community property that is property of the estate, or for the establishment or determination of any claim against property of the estate. The Chapter 7 Trustee also argues that the Property is not part of Debtor's bankruptcy estate because such

-2-

Property was first transferred to the Chapter 7 Debtor's bankruptcy estate upon the filing of his case. Consequently, the Chapter 7 Trustee asserts that Debtor's request for a partial lift to allow determination of rights over property of the bankruptcy estate is not supported by bankruptcy law. Moreover, as part of her opposition, the Chapter 7 Trustee requests that Debtor's case be converted to chapter 7 under section 1307(c) of the Bankruptcy Code because Debtor has no regular income to fund a Chapter 13 plan.

First, the court denies Debtor's motion for partial lift of the automatic stay for failure to comply with the specification and notice requirements of Fed R. Bankr. P. 4001 and PR LBR 4001-1.

Second, the court denies Debtor's motion for partial lift of the automatic stay because, as a general rule, the stay is inapplicable in proceedings where Debtor is the plaintiff as such proceedings do not constitute an act against the debtor and do not fall within the scope of section 362. See BioConvergence LLC v. Attariwala, 2020 WL 1915269, at *3 (S.D. Ind. 2020) ("According to well-established, generally applicable principles of bankruptcy law, to the extent that the claim was not 'against' the debtor at its inception because the debtor occupied a plaintiff's position, its further prosecution is not stayed pursuant to § 362(a)(1)" (internal citations omitted.)). See also Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 523 (D. Conn. 2015) ("The Second Circuit has repeatedly held that where an action is commenced by, rather than against, a debtor, said action does not fall within the scope of the automatic stay."); In re Slabicki, 466 B.R. 572, 580 (B.A.P. 1st Cir. 2012) ("In order to trigger the automatic stay, there must be an act against either the debtor, his property, or property of his estate.") Debtor requests the court in the motion for a partial lift of stay to "partially raise the stay to allow the state court below to rule on how much community property money the Debtor owes [the Chapter 7 Debtor] and he to the

Debtor." [Dkt. 5, p. 4, ¶16]. Consequently, in order for Debtor to seek such relief in state court as plaintiff, no stay relief is necessary in the instant bankruptcy case. However, the court notes that the automatic stay in the Chapter 7 Case is in effect. Additionally, the court notes that the Property is property of the Chapter 7 Debtor's bankruptcy estate and is therefore under the Chapter 7 Trustee's administration.

In regards to the Chapter 7 Trustee's request to convert Debtor's case to chapter 7, the court denies such motion (Dkt. 31) for lack of standing. The court finds that the Chapter 7 Trustee does not have standing to seek conversion of Debtor's chapter 13 petition because it is not a party in interest authorized to seek conversion for cause. "Pursuant to § 1307(c), only the U.S. Trustee or a party in interest is authorized to request dismissal [or conversion] of a bankruptcy petition for cause. *See* 11 U.S.C. § 1307(c). A party in interest is defined as one whose pecuniary interests are directly affected by the bankruptcy proceedings." In re Torres Martinez, 397 B.R. 158, 164 (B.A.P. 1st Cir. 2008). The Chapter 7 Debtor is not a creditor in this case.

Based on the foregoing, Debtor's motion for partial lift of stay (Dkt. 5) is denied. Additionally, the Chapter 7 Trustee's motion to convert the case to chapter 7 (Dkt. 31) is denied. In light of this ruling, the Chapter 7 Trustee's motion to strike document (Dkt. 32), Debtor's motion to hold in abeyance (Dkt. 45), the Chapter 7 Trustee's motion for entry of order (Dkt. 46), and Debtor's motion for extension of time (Dkt. 47) are also denied as moot.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 12th day of September, 2022.

María de los Ángeles González
United States Bankruptcy Judge